IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x
                                       :

DEBORAH BARCLAY                 :

                                       :             3:04 CV 1322 (JBA)

v.                                   :

                                     :

KIM MICHALSKY & PAULA HUGHES   :

                                     :             DATE: FEBRUARY 18, 2011
------------------------------------------------------------x

## RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION REGARDING ORDER ON DEFENDANTS' BILL OF COSTS

On August 9, 2004, plaintiff initiated this Title VII action, for which U.S. District Judge Janet Bond Arterton granted summary judgment in defendants' favor on June 27, 2007 and judgment for defendants was entered that same day, 493 F. Supp. 2d 269. (See also Dkts. #119, 133-37). Plaintiff filed her Notice of Appeal on July 25, 2007 (Dkt. #138), and on March 8, 2010, the Second Circuit affirmed Judge Arterton in a Summary Order, 368 Fed. Appx. 266. (see also Dkts. ##140-42).

On June 28, 2010, defendants filed their Bill of Costs, which sought $6,626.53 for seven depositions. (Dkt. #143).[1] On July 29, 2010, Clerk Robin D. Tabora filed her Order on Defendants' Bill of Costs (Dkt. #144)["Order"], which allowed defendants' full claim for four of defendants' submitted items, reduced the claim for two of them, and denied one of them, for a total of $4,482.47 (a reduction of $2,144.06). Specifically, the Order reduced by $500 the fees for the video deposition of defendant Hughes (from $1,345 to $845), reduced by $199.06 the fees for Part IV of plaintiff's deposition (from $1,498.01 to

---

[1] The following exhibits were attached: summary page (Exh. A); certification of defense counsel, sworn to June 28, 2010 (Exh. B); copies of invoices relating to the depositions (Exhs. C-I); and copies of decisions from this district regarding Bills of Costs (Exhs. J-L).

$1,298.95) and denied all of the claim for plaintiff's video deposition for $1,445.

On August 12, 2010, defendants filed the pending Motion for Reconsideration Regarding Order on Defendants' Bill of Costs (Dkt. #146).[2] Defendants argue that the two videotape depositions were necessary in light of plaintiff "volatility in the past depositions and, if necessary for use at trial to impeach . . . plaintiff's credibility[,]" as well as defendant Hughes' health issues and her residence in an area of Mississippi severely devastated by Hurricane Katrina. (At 3, 4; see also Dkt. #143, at 2-3). In this motion, defendants have reduced their request for costs an additional $1,195 for the Barclay Video Deposition (videography fee of $595, two sets of videotapes for $500, and editing service of $100)[3] and an additional $250 for the second set of videotapes for the Hughes Video Deposition for a total of $1,445. (Dkt. #146, at 4).

Defendants are correct that on three occasions, the district judges here have permitted costs for videography fees. See, e.g., Buell v. Hughes, 3:07 CV 468 (DJS)(D. Conn. Apr. 20, 2009), slip op. at 3, 4; Oliphant v. State of Conn., 3:02 CV 700 (PCD)(D. Conn. June 23, 2008), slip op. at 2 ("Videotaping depositions is relatively standard procedural in federal court litigation at this point, and nothing in the Local Rules precludes a defendant from recouping its costs for the presence of a videographer."); Fairbrother v. State of Conn., 01 CV 162 (PCD)(D. Conn. Dec. 20, 2006), slip op. at 2-3. But see Christie v. Gen. Elec. Cap. Servs., Inc., 05 CV 379 (TLM), 2010 WL 3081500, at *1-2 (D. Conn. Aug. 5, 2010)(specifically excluding costs associated with the production or use of video recordings

---

[2]Attached as Exhs. A-B are copies of invoices in other files.

[3]There is a typographical error in defendants' filing, in that at the top of page 4, they request "$500 for the two sets of [Barclay] videotapes at $250 per set[,]" which is consistent with the price sought for the Hughes Video Deposition, but at the bottom of page 4, they seek $600 for the two sets. The Magistrate Judge assumes that the price is $250 per set.

2

of depositions). Under the unique circumstances of this case, the videography fee of $595 is appropriate.

Local Rule 54(c)(2)(ii) specifically allows costs for "an original and one copy of deposition transcripts. . . ." Insofar as Local Rule 54(c)(2)(ii) permits recovery for two deposition transcripts – the original plus one copy – it is therefore logical to permit two sets of videotapes – an original plus one copy.

Therefore, defendants' Motion for Reconsideration Regarding Order on Defendants' Bill of Costs (Dkt. #146) is granted, to permit an additional $1,195 for the Barclay Video Deposition (videography fee of $595, two sets of videotapes for $500, and editing service of $100) and an additional $250 for the second set of videotapes for the Hughes Video Deposition, for a total of $1,445. Therefore, the total Bill of Costs is now $5,927.47 ($4,482.47 plus $1,445).

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within fourteen days after service of same**); Fed. R. Civ. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**).

Dated at New Haven, this 18th day of February, 2011.

                                            Joan G. Margolis, USMJ
                                            Joan Glazer Margolis
                                            United States Magistrate Judge